RECORD NO. 14-1062

_____

IN THE
UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT
_____

RICHARD D. SPARKMAN, Chapter 7 Trustee for
Anderson Homes, Inc. and Vanguard Homes, Inc.,

Plaintiff-Appellee,

v.

AMERICAN RESIDENTIAL SERVICES, LLC,

Defendant-Appellant.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
AT RALEIGH

_____

PETITION FOR PANEL REHEARING
_____

Nelson G. Harris
Harris & Hilton, P.A.
7320 Six Forks Road, Suite 100
Raleigh, NC   27615
(919) 848-6164

*Counsel for Petitioner Plaintiff-Appellant*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . .. . . . . . . . . . . . . . . . . . . . . . . . .  i

INTRODUCTION AND STATEMENT OF PURPOSE . . . . . . . . . . . . . . . .  1

DISCUSSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

      A.    In The Partial Summary Judgment Order, The Bankruptcy Court
           Held That It Was Bound By The District Court's Holding In
           *Precision Walls v. Crampton* . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

      B.    Relevant Caselaw From Other Jurisdictions Supports ARS's
           "Inchoate Lien" Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

      C.    This Court Should Grant The Petition For Rehearing To Address
           The Conflict Between The Lower Courts' Decisions And
           The Decisions From Other Jurisdictions . . . . . . . . . . . . . . . . . . . . 15

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

i

# TABLE OF AUTHORITIES

**CASES:**

*ACP Ameri-Tech Acquisition, LLC*, 2012 WL 481582
(Fifth Cir. 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Betty's Homes, Inc. v. Cooper Homes, Inc.*, 411 B.R. 626
(Bankr. W.D.Ark. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Goldberg v. Graybar Electric Co., Inc.*, 212 Bankr.LEXIS 471
(Bankr. E.D.Tex 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Greenblatt v. Utley*, 240 F.2d 243 (9th Cir. 1956). . . . . . . . . . . . .  3, 9-10

*In Re 360Networks (USA), Inc.*, 327 B.R. 187 (Bankr.
S.D.N.Y. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 8-9, 11, 13

*In Re: Carney*, 396 B.R. 22 (Bankr. Iowa 2008) . . . . . . . . . . . . . . . . . . 14

*In Re Cocolat, Inc.*, 176 B.R. 540 (Bankr.N.D.Ca. 1995) . . . . . . . . . . . . 12

*In re Electron Corp.*, 336 B.R. 809 (10th Cir. BAP 2006) . . . . . . 3, 9-10

*In re Golfview Developmental Center, Inc. v. All-Tech Decorating
Co.*, 309 B.R. 758 (Bankr.N.D.Ill. 2004). . . . . . . . . . . . . . . . . . . . . . . . 3, 9, 12

*In re Jacob Larsen*, 2006 Bankr. LEXIS 4935 (Bankr. Idaho 2006) . . . 13

*In Re J.A. Jones, Inc.*, 361 B.R. 94 (Bankr. W.D.N.C. 2007). . . . . . 2, 7, 9

*In Re:   Johnson Memorial Hospital, Inc.*, 2012 Bankr. LEXIS
1060 (2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*In re Joseph M. Eaton Builders, Inc.*, 84 B.R. 56
(Bankr.W.D.Pa. 1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

*In re Lynn Camp Coal Co.*, 168 F. 998 (Circuit, E.D. Kentucky 1908) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3, 9-10

*In Re Rand Energy Co.,* 259 B.R. 274 (N.D.Tex. 2001) . . . . . . . . . . . . . 14

*Mason and Dixon Lines, Inc. v. St. Johnsbury Trucking Co.*, 65 B.R. 973 (Bankr.M.D.N.C. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 9, 12

*Mullins v. Noland Co.*, 406 F.Supp. 206 (N.D.Ga. 1975) . . . . . . . . 2, 9, 12

*Precision Walls v. Crampton*, 196 B.R. 299 (E.D.N.C. 1996). . . . . *Passim*

*Ricotta v. Burns Coal & Building Supply Co.*, 264 F.2d 749 (2d Cir. 1959) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 9, 11-12

**STATUTES:**

11 U.S.C. § 547(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *Passim*

11 U.S.C. § 547(b)(5). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *Passim*

11 U.S.C. § 547(c)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

11 U.S.C. § 547(c)(6). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

11 U.S.C. § 547(g) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**RULES:**

Rule 40, Federal Rules of Appellate Procedure . . . . . . . . . . . . . . . . . . . 4

## INTRODUCTION AND STATEMENT OF PURPOSE

11 U.S.C. § 547(b) ("§ 547(b)") provides that the Bankruptcy Trustee may avoid a transfer of an interest of the debtor in property: (1) to a creditor; (2) on account of an antecedent debt; (3) made while the debtor was insolvent; (4) made within 90 days before the date of the filing of the petition; and (5) that enables the creditor to receive more that it would have in a hypothetical Chapter 7 filed at the time of the transfer.   A transfer satisfying all five (5) elements of § 547(b) is referred to as a "preferential transfer", and the Trustee may recover the funds transferred from the recipient.   The burden of proof with respect to each of the § 547(b) elements is on the Trustee.   11 U.S.C. § 547(g).

In this case, the Bankruptcy Trustee sought to recover as preferential transfers payments made by Debtor Anderson Homes, Inc. ("Anderson"), to Petitioner-Appellant American Residential Services, LLC ("ARS"), for goods and services provided at new homes being constructed by Anderson.   ARS asserted that when each of the payments were made, it could and would have filed a claim of lien with respect to the relevant properties; that given the existence of its inchoate lien rights, it should be treated as a secured party in determining what it would have received in a hypothetical Chapter 7, and that, if it was treated as secured, the Trustee could not meet its burden, under § 547(b)(5), of showing that

1

ARS received more as a result of the payments than it would have in the hypothetical Chapter 7.

The Bankruptcy Court rejected ARS' argument holding that: "the result American seeks, although its 'hypothetical secured' argument is supported by a strong rationale and would be accepted in many other jurisdictions, is precluded by strong and consistent precedent in this circuit" (JA 749-750).   The Bankruptcy Court more specifically held that the District Court's holding in *Precision Walls v. Crampton*, 196 B.R. 299 (E.D.N.C. 1996) compelled its conclusion that the existence of ARS's inchoate lien rights were irrelevant in a § 547(b)(5) analysis; and, therefore, the conclusion that the Trustee met his burden of proof by showing that unsecured creditors would not have been paid in full.   (JA 755-757).

In fact, in determining whether payment to a creditor that satisfies an inchoate lien is a preference, **all** of the courts outside the Eastern District of North Carolina, that have ruled on the issue, have held that, if the creditor could have filed a lien and been paid in full, the creditor's inchoate lien should be considered and such payment is not a preference because the debtor cannot satisfy the requirements of § 547(b)(5).   *See, In Re J.A. Jones, Inc.*, 361 B.R. 94, 100 (Bankr.W.D.N.C. 2007); c*iting*, *Ricotta v. Burns Coal & Building Supply Co.*, 264 F.2d 749, 750 (2d Cir. 1959); *see also*, *Mullins v. Noland Co.*, 406 F.Supp. 206

2

(N.D.Ga. 1975); *see also*, *In re Electron Corp.*, 336 B.R. 809 (10th Cir. BAP

2006); *see also*, *In Re 360Networks (USA), Inc.*, 327 B.R. 187 (Bankr. S.D.N.Y.

2005); *see also*, *In re Golfview Developmental Center, Inc. v. All-Tech Decorating

Co.*, 309 B.R. 758 (Bankr.N.D.Ill. 2004); *see also*, *Greenblatt v. Utley*, 240 F.2d

243 (9th Cir. 1956); *see also*, *Mason and Dixon Lines, Inc. v. St. Johnsbury

Trucking Co.*, 65 B.R. 973 (Bankr.M.D.N.C. 1986); *see also*, *In re Lynn Camp

Coal Co.*, 168 F. 998 (Circuit, E.D. Kentucky 1908).    While the reasons given by

the other Courts vary, many note that, as a matter of policy, to hold otherwise

would mean that "[h]olders of inchoate liens would be faced with an unreasonable

Hobson's choice between accepting payment or taking the commercially

unreasonable step of declining payment in order to perfect an inchoate statutory

lien".   *In re Electron Corp.*, 336 B.R. 809, 813 (10th Cir. BAP 2006).

  This Court's *per curium* opinion leaves unexamined the legal reasoning of

*Precision Walls,* which was followed by the lower Courts; leaves the law in the

Eastern District of North Carolina, regarding treatment of inchoate liens in §

547(b)(5) analyses, out of step with the other jurisdictions that have considered the

issue; and subcontractors in cases involving contractors experiencing financial

difficulties with the Hobson's choice between accepting payment and facing

preference claims, or declining payment in order to perfect their inchoate statutory

lien.

This Court, in accordance with Rule 40 of the Federal Rules of Appellate Procedure, should grant rehearing to review this important legal issue, in which the decisions of the Courts in the Eastern District of North Carolina are in conflict with decisions of other Courts, including the Second, Ninth and Tenth Circuit Courts of Appeals.

## DISCUSSION

ARS submitted evidence, in connection with its First Motion For Summary Judgment: (1) that it provided labor and materials at various properties owned by Anderson ("the Properties"); (2) that the Payments were tendered in payment of obligations existing as a result of the labor and materials provided at the Properties; (3) that, in each and every case, when the Payments were made, ARS could and would have filed a claim of lien with respect to the relevant property; and that, in each case, the Properties were conveyed to third parties.   (JA 47-70; 84-87; 183-209; 210-246).   ARS also submitted the Trustee's discovery responses, which showed that the Trustee could not demonstrate that ARS would not have been paid in full if it had not received the Payments and asserted its lien rights.   (JA 114-114, 119-120, 125-128).   From the foregoing, ARS argued that

4

the Trustee could not meet his burden of proof, under § 547(b)(5), and that

summary judgment should be granted in its favor with respect to all of the

Payments.

The Bankruptcy Court properly framed the issue for decision as:  "Whether

the existence of inchoate lien rights are sufficient, for purposes of evaluating

transfers under § 547(b)(5), to establish a hypothetical secured claim which a

creditor may assert to block the trustee's ability to prove that the creditor received

more than it would have in a hypothetical chapter 7 had the transfer not been

made."  (JA 748-749).

### A.    In The Partial Summary Judgment Order, The Bankruptcy Court Held That  It Was Bound By the District Court's Holding In *Precision Walls v. Crampton.*

In its Partial Summary Judgment Order ("the PSJ Order"), the Bankruptcy

Court held that "the result American seeks, although its 'hypothetical secured'

argument is supported by a strong rationale and would be accepted in many other

jurisdictions, is precluded by strong and consistent precedent in this circuit".  (JA

749-750).   More specifically, the Bankruptcy Court held that the District Court's

holding in *Precision Walls v. Crampton* compelled its conclusion that the

existence of ARS's inchoate lien rights were irrelevant in a § 547(b)(5) analysis,

and, therefore, its conclusion that the Trustee met his burden of proof by showing

5

that unsecured creditors would not have been paid in full.   (JA 755-757).      .

In reaching its decision, the Bankruptcy Court noted that "there is, in fact, a solid contingent of persuasive precedent in support of the notion that 'payments made to the holder of an inchoate statutory lien during the preference period are not avoidable where, at the time of payment, the lienholder: i) remained eligible to perfect the lien pursuant to relevant State law, and ii) such perfection would not otherwise have been avoidable under the Bankruptcy Code'" (citing multiple cases) (JA 752); and this "inchoate lien" theory "recognizes that since a holder of inchoate lien rights cannot perfect a lien after accepting payment in satisfaction of the underlying claim, a refusal to protect such transfers from avoidance exposes holders of such inchoate rights to 'an unreasonable Hobson's choice between accepting payment (with the attendant risk that it could be avoided if the payor enters bankruptcy) or taking the commercially unreasonable step of declining payment in order to perfect an inchoate statutory lien.'" (citing multiple cases) (JA 8-9).   The Bankruptcy Court even agreed that the rationale behind the "inchoate lien" analysis had a certain common sense appeal, and that there is a symmetry in aligning a "hypothetical chapter 7" with a corresponding "hypothetical reasonable creditor", such that:

preference immunity has been recognized by a number of courts and,

although the Fifth Circuit has not directly addressed the subject, it has endorsed its underlying premise that, in constructing the hypothetical Chapter 7 case mandated by § 547(b)(5), in which the transfers never took place, a court should presume that all parties will act in a commercially reasonable and businesslike manner to protect its own interests.   In this context, that would mean acceptance of the premise that, in the absence of payment in the Chapter 7 hypothetical, the Defendant would have perfected its inchoate lien.

(JA 753, c*iting, ACP Ameri-Tech Acquisition, LLC*, 2012 WL 481582 at \*3 (Fifth

Cir. 2012)).

Nevertheless, in spite of its observations concerning the reasonableness of

ARS's argument; its identification of contrary case law from other jurisdictions,

and in spite of noting that ARS correctly maintained "that the bankruptcy and

district courts in the Eastern District of North Carolina are somewhat isolated in

their construction of the statute" (JA 754), the Bankruptcy Court held that

*Precision Walls* was binding upon it, and that ARS' inchoate lien analysis must be

rejected.   (JA 755-757).

### B.    Relevant Caselaw From Other Jurisdictions Supports ARS's "Inchoate Lien" Argument.

While the Bankruptcy Court opined that it is a stretch to contend that

"almost all" courts have held that if the creditor could have filed a lien, and been

paid in full, the Trustee cannot satisfy the requirements of § 547(b)(5), the

contention is not a stretch at all.   As the Court in *In Re J.A. Jones, Inc.*, 361 B.R.

7

94, 100 (Bankr.W.D.N.C. 2007)[1] recognized, although there is a technical split in authority among the courts, there are, in fact, only two (2) cases that can be cited for the proposition that an unfiled subcontractor claim cannot be considered in determining whether a contractor should be considered a secured creditor in a § 547(b)(5) analysis. *Citing*, *In re Joseph M. Eaton Builders, Inc.*, 84 B.R. 56, 58 (Bankr.W.D.Pa. 1988) and *Precision Walls v. Crampton,* 96 B.R. 299, 303 (E.D.N.C. 1996). With respect to those two (2) cases, *In re Joseph M. Eaton Builders, Inc.*, 84 B.R. 56 (Bankr.W.D.Pa. 1988), is easily distinguishable because the creditor had allowed the period within which such a lien could be filed to expire before the preference transfer was made; and had no lien rights at all when the preference transfer was made; and, therefore, *Eaton Builders* is not contrary to the majority view, it merely stands for the proposition that, if you have no lien rights when the preference transfer is made, the fact that you once had lien rights is immaterial. Thus, only *Precisions Walls* stands for the proposition that an unperfected statutory lien should be treated no differently from any other unperfected lien in a § 547(b)(5) analysis. *In Re 360Networks, supra.*

---

[1] Although the Court in *In Re J.A. Jones, Inc.* discussed the split in authority as to whether inchoate liens supported a secured claim for Section 547(b)(5) purposes; and assumed the existence and validity of inchoate lien rights (*Id.* at 101), the Court's basis for decision was that payments in satisfaction of inchoate lien rights provided "new value" within the meaning of 11 U.S.C. Section 547(c)(1).

In determining whether payment to a creditor that satisfies an inchoate lien is a preference, **all** of the courts that have ruled on the issue, outside the Eastern District of North Carolina, have held that, if the creditor could have filed a lien and been paid in full, the payment is not a preference because the debtor cannot satisfy the requirements of § 547(b)(5).   *See, In Re J.A. Jones, Inc.*, 361 B.R. 94, 100 (Bankr.W.D.N.C. 2007); c*iting*, *Ricotta v. Burns Coal & Building Supply Co.*, 264 F.2d 749, 750 (2d Cir. 1959); *see also*, *Mullins v. Noland Co.*, 406 F.Supp. 206 (N.D.Ga. 1975); *see also*, *In re Electron Corp.*, 336 B.R. 809 (10th Cir. BAP 2006); *see also*, *In Re 360Networks (USA), Inc.*, 327 B.R. 187 (Bankr. S.D.N.Y. 2005); *see also*, *In re Golfview Developmental Center, Inc. v. All-Tech Decorating Co.*, 309 B.R. 758 (Bankr.N.D.Ill. 2004); *see also*, *Greenblatt v. Utley*, 240 F.2d 243 (9th Cir. 1956); *see also*, *Mason and Dixon Lines, Inc. v. St. Johnsbury Trucking Co.*, 65 B.R. 973 (Bankr.M.D.N.C. 1986); *see also*, *In re Lynn Camp Coal Co.*, 168 F. 998 (Circuit, E.D. Kentucky 1908).

In *Ricotta v. Burns Coal & Building Supply Co.*, 264 F.2d 749, 750 (2d Cir. 1959), the Second Circuit, in an early case often cited in cases involving § 547(b)(5) issues, held that that since the contractor could have filed a materialman's lien at the time of the alleged preference payment, and the filing would not have constituted a preference; payment which discharged the

9

materialman's inchoate lien was not a voidable preference.   264 F.2d at 750.   The
Second Circuit noted that "[i]t would be absurd to treat differently payments for
the same debts obtained without filing liens, and the law does not do so.
Consistent with common sense, the courts have upheld payments where at the time
the payments were made the creditor could have protected himself by filing a
nonpreferential lien."  *Id.*

Similarly, in *Greenblatt v. Utley*, 240 F.2d 243 (9th Cir. 1956), the Ninth
Circuit held that mechanics' liens need not be perfected by filing to give a creditor
secured status for preference purposes, where the obligation was discharged by
payment at a time prior to expiration of the permissible filing period.  *See also*, *In
re Lynn Camp Coal Co.*, 168 F. 998 (Circuit, E.D. Kentucky 1908).

In *In re Electron Corp.*, 336 B.R. 809 (10th Cir. BAP 2006), the Bankruptcy
Appellate Panel held that the bankruptcy court should apply § 547(b)(5) if (i) at
the time of payment the inchoate statutory lienholder remained eligible to perfect
the lien and (ii) such perfection would not have been avoidable under the
Bankruptcy Code.[2]   336 B.R. at 812-813.   The BAP approved the bankruptcy
court's observation that, as a policy matter, it could not hold otherwise because
"[h]olders of inchoate statutory liens would be faced with an unreasonable

---

[2] Pursuant to the provisions § 547(c)(6), the fixing of a statutory lien, such as a mechanic's lien,

10

Hobson's choice between accepting payment or taking the commercially unreasonable step of declining payment in order to perfect an inchoate statutory lien."   336 B.R. at 813.

Consistent with those appellate decisions, the Bankruptcy Court for the Southern District of New York held, in *In Re 360Networks (USA), Inc.*, that "payments made to the holder of an inchoate statutory lien during the preference period are not avoidable where, at the time of payment, the lienholder: i) remained eligible to perfect the lien pursuant to relevant State law, and ii) such perfection would not otherwise have been avoidable under the Bankruptcy Code."   327 B.R. 187, 193 (Bankr. S.D.N.Y. 2005).   The bankruptcy court in *In Re 360 Networks*, after citing a number of cases from various jurisdictions for the proposition above, even noted:

> Defendants do not successfully distinguish these Code cases but instead argue that the Court should follow *Precision Walls, Inc. v. Crampton*, 196 B.R. 299 (E.D.N.C. 1996), **the one case under the Code that holds that an unperfected statutory lien should be treated no differently from any other unperfected lien**.   In *Precision Walls*, the Court analyzed the question as one entirely of State law; it found that under State law an inchoate lien is unperfected and that inchoate lienholders are merely unsecured creditors in bankruptcy.   196 B.R. at 303.   The Court did not deal with *Ricotta* or distinguish any of the contrary case law cited above, and its holding would unfairly penalize holders of inchoate mechanic's liens.   A holder of an inchoate statutory lien cannot perfect the lien after accepting payment in satisfaction of the underlying lien.   Cf. N.Y. Lien

---

may not be avoided by the Trustee.

Law § 39.   As the Court said in *Ricotta*, holders of inchoate statutory liens would be faced with an unreasonable Hobson's choice between accepting payment or taking the commercially unreasonable step of declining payment in order to perfect an inchoate statutory lien.   See also, *Mullins v. Noland Co.*, 406 F.Supp. 206, 214 (N.D.Ga.1975).

(Emphasis added).

Similarly in *In re Golfview Developmental Center, Inc. v. All-Tech Decorating Co.*, 309 B.R. 758 (Bankr.N.D.Ill. 2004); the contractor had an inchoate materialmen's lien under Illinois law on the date of the alleged preference payment; the contractor did not file a lien because it was paid; and the bankruptcy court concluded that the contractor was a secured creditor for purposes of a § 547(b)(5) analysis.   309 B.R. at 766-770.   The bankruptcy court then found that there was sufficient value in the property subject to the inchoate lien for the contractor to have been fully secured; that the debtor had failed to meet the requirements of § 547(b)(5); and that the payment was not a preference.   309 B.R. at 770-771.   *See also*, *Mullins v. Noland Co.*, 406 F.Supp. 206 (N.D.Ga. 1975). *See also*, *Mason and Dixon Lines, Inc. v. St. Johnsbury Trucking Co.*, 65 B.R. 973 (Bankr.M.D.N.C. 1986);

Other courts have held that if the creditor could have filed a lien when the alleged preference payment was made, the debtor cannot satisfy the requirements of § 547(b)(5).   For instance, *see*, *In Re Cocolat, Inc.*, 176 B.R. 540, 546

12

(Bankr.N.D.Ca. 1995), in which the Defendant's inchoate lien argument in the §

547(b)(5) context only failed because the record disclosed that there was

insufficient equity in the property for a lien, if it had been filed in a hypothetical

Chapter 7, to have given the defendant a secured position.   Similarly, in *Betty's

Homes, Inc. v. Cooper Homes, Inc.*, the bankruptcy court held that, under

Arkansas law, a materialman's lien relates back to the date of first provision of

goods and services at the property; the creditor accepted the alleged preference

payment when it still could have filed a lien; the payment did not enable the

creditor to receive more than it would have in a hypothetical chapter 7, and the

alleged preference payment was not a preference.   411 B.R. 626, 631-632 (Bankr.

W.D.Ark. 2009).   Similarly, in *Goldberg v. Graybar Electric Co., Inc.*, 212

Bankr.LEXIS 471. (Bankr. E.D.Tex. 2012) (Unpublished), the bankruptcy court,

citing *360 Networks, supra,* accepted the premise that since holders of inchoate

lien rights cannot perfect a lien after accepting payment, you can consider such

holders to be secured for purposes of a § 547(b)(5) analysis if a party, acting in a

commercially reasonable and businesslike manner to protect its own interests,

would have filed a lien.   *See also*, *In re Jacob Larsen*, 2006 Bankr. LEXIS 4935

(Bankr. Idaho 2006), where the bankruptcy court noted that the majority of courts

have concluded that a payment received in satisfaction of an unperfected

mechanic's or materialman's lien is not a preference because it does not diminish the bankruptcy estate; and, after a long review of the law on the issue held that, because the creditor could have filed a lien against property and been secured at the time of the alleged preference payment, the Trustee had not met its burden under § 547(b)(5). *See also*, *In Re:  Johnson Memorial Hospital, Inc.*, 2012 Bankr. LEXIS 1060 (2012), where the bankruptcy court held that *Ricotta* is applicable under the Code; binding on bankruptcy courts in the Second Circuit; and concluded that since the creditor could have filed a lien at the time of payment, it should be treated as a secured creditor in a § 547(b)(5) analysis, and that the trustee could not satisfy the requirements of § 547(b)(5).  *See also*, *In Re Rand Energy Co.,* 259 B.R. 274, 276 (N.D.Tex. 2001).   Courts in the other jurisdictions that have considered the issue have held that <u>unless the Trustee shows the value of the property to which the inchoate lien could have attached, the Trustee cannot show that the creditor is better off on account of its receipt of the alleged preference payment than it would have been in the hypothetical Chapter 7.</u> *See, eg., In Re: Carney*, 396 B.R. 22, 27 (Bankr. Iowa 2008).   (Emphasis added).

The Courts in every jurisdiction where the issue has been addressed, other than in the Eastern District of North Carolina, have concluded that inchoate liens must be considered in a § 547(b)(5) analysis.

14

**C.    This Court Should Grant The Petition For Rehearing To Address The Conflict Between The Lower Courts' Decisions And The Decisions From Other Jurisdictions.**

The Petition For Rehearing should be granted so that this Court can consider and resolve the conflict between the decisions of the many other Courts that have addressed the application of an "inchoate lien" argument in connection with a § 547(b)(5) analysis, and the Courts in the Eastern District of North Carolina.   If it does so, this Court should conclude that "inchoate liens" must be considered if the preference defendant remained eligible to perfect its lien under applicable North Carolina law at the time of the alleged preferential transfer; and hold that, if *Precision Walls* means that it is impermissible to consider "inchoate liens" in a § 547(b)(5) analysis, *Precision Walls* was decided in error.

## <u>CONCLUSION</u>

The Petition For Rehearing should be granted so that this Court can address the conflict between the Courts in the Eastern District of North Carolina, and the Courts in other jurisdictions, as to whether an "inchoate lien" can be considered in a § 547(b)(5) analysis.

15

Respectfully submitted this 20th day of October, 2014.

HARRIS & HILTON, P.A.

S/ Nelson G. Harris
7320 Six Forks Road, Suite 100
Raleigh, NC 27615
Telephone: (919) 848-6164
Fax: (919) 848-6918
Email: Nharris@hfhlaw.com
NC Bar No.   16660

## <u>CERTIFICATE OF SERVICE</u>

The undersigned does hereby certify that, pursuant to Local Rules 25(a)(4) and 31(d), the foregoing Petition For Rehearing was served electronically upon the individual listed below, a registered CM/ECF user, and by first class mail addressed as follows:

> Mr. John Paul Cournoyer
> Attorneys for Respondent-Appellee
> Northen Blue, LLP
> 1414 Raleigh Road, Suite 435
> Chapel Hill, NC   27517

This the 20th day of October, 2014.

> HARRIS & HILTON, P.A.
>
> <u>S/ Nelson G. Harris</u>
> 7320 Six Forks Road, Suite 100
> Raleigh, NC 27615
> Telephone: (919) 848-6164
> Fax: (919) 848-6918
> Email: Nharris@hfhlaw.com
> NC Bar No.   16660

17